## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| **CURTIS TURNER,**<br>Individually And On Behalf Of<br>All Others,<br><br>      Plaintiffs,<br><br>vs.<br><br>**DISCOVERY FURNITURE, INC.**<br>**d/b/a FURNITURE MALL OF KANSAS**<br>Registered Agent:<br>Jeff A. Winter<br>1901 SW Wanamaker Road<br>Topeka, Kansas 66604<br><br>      Defendant. | Case No.: 2:22-cv-2400<br><br>**JURY TRIAL DEMANDED** |

## PETITION

**COMES NOW** the Plaintiff, Curtis Turner, by and through his attorneys, and on behalf of himself, and brings the following class action against Defendant, Discovery Furniture, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1.  Plaintiff brings this action against Defendant for violations of the FCRA.

2.  Defendant obtained information concerning the Plaintiff from ADP.

3.  Defendant paid a fee to ADP for the information it obtained concerning the Plaintiff.

4.  The information obtained from ADP, concerning the Plaintiff, was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5.  Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6.  Defendant relies on information in Consumer Reports, in whole or in part, as a

basis for adverse employment action; such as a refusal to hire and/or termination.

7.  Plaintiff asserts claims against Defendant on behalf of himself and a class of

Defendant's employees and prospective employees whose rights were violated.

8.  On behalf of himself and all class members, Plaintiff seeks statutory damages,

punitive damages, costs and attorneys' fees, and all other relief available pursuant.

## PARTIES

9.  Plaintiff is a resident of Kansas City, Missouri.   Plaintiff is a member of the

Putative Classes defined below.

10.  Defendant is a non-resident foreign company formed under the laws of Delaware

doing business in Kansas.

## JURISDICTION AND VENUE

11.  This court has jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. §

1331.

12.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff

applied to work for Defendant in Kansas, and his claims arise, in substantial part, in

Kansas. Defendant regularly conducts business in Kansas and is subject to personal

jurisdiction in this district.

13.  Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

14.  Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15.  Plaintiff applied online for employment with the Defendant through Indeed.com

on or about August 22, 2022.

16.  Plaintiff received a message from Defendant the day he applied to set up an

interview.

17.    Plaintiff had an interview on or about August 23, 2022, with Sarah and Joey.

18.    Plaintiff met with Joey to complete paperwork on or about August 24, 2022.

19.    Plaintiff was told training would begin on September 20, 2022.

20.    Plaintiff received a notice from ADP Screening and Selection Services, Inc. indicating that a consumer background check report containing public records information was being sent to Discovery Furniture Inc., on or about September 2, 2022.

21.    Plaintiff was sent an email on or about September 10, 2022, indicating that he did not pass the background check and was not selected to join the team.

22.    Denying the Plaintiff the opportunity to "join the team" is an adverse action.

23.    Plaintiff was not given an opportunity to dispute the information in the report from ADP before being denied employment.

24.    Plaintiff may have successfully disputed the information in the ADP report if he had received a copy before Defendant's adverse action.

25.    Plaintiff was not provided with an opportunity to view and address the information in the report before the Defendant took adverse action.

26.    Plaintiff has never received a copy of the ADP report from the Defendant.

27.    Plaintiff did not know that the Defendant would obtain information about him and then use it illegally.

28.    Plaintiff would not have consented to the procuring of a Consumer Report if he had known the information would be used in violation of the law.

29.    Defendant's violation of Plaintiff's 15 U.S.C. §1681b(b)(3) rights is an injury in

law.

30.    The illegal use of the Plaintiff's personal information is akin to a common law breach of trust and is an injury in fact.

31.    On information and belief, Defendant certified to ADP that it would not use the Plaintiff's Consumer Report in violation of any applicable federal or state equal employment law or regulation.

32.    On information and belief, the Defendant certified to ADP that it would abide by the requirements of 15 U.S.C. §1681b(b)(3) if they became applicable.

33.    ADP would have been unable to provide the Defendant with a Consumer Report concerning the Plaintiff without the certification required by 15 U.S.C.§1681b(b)(1).

34.    Defendant did not abide by the certifications it made to the ADP.

35.    On information and belief, the Defendant entered a contract with ADP in order to obtain  Consumer Reports for employment purposes.

36.    Plaintiff is a third-party beneficiary to the contract between the Defendant and ADP.

37.    On information and belief, the agreement between the Defendant and ADP contains promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(3).

38.    On information and belief, the Defendant breached its agreement with ADP.

39.    Defendant's failure to provide the Plaintiff with a copy of the ADP report before taking adverse action confused the Plaintiff.

40.    Defendant's actions deprived the Plaintiff of a meaningful opportunity to invoke

the discretion of the decisionmaker before termination.

41. Defendant's actions deprived the Plaintiff of the opportunity to review, understand, and learn what information was being used against him in order to better his opportunities to obtain employment and to prevent adverse information from further affecting his livelihood.

42. Defendant violated its statutory and contractual obligations by systematically violating the provisions of the FCRA despite having received the benefits of obtaining regulated information concerning the Plaintiff from a Consumer Reporting Agency.

43. Plaintiff did not receive the protections he was entitled to because of the

44. Plaintiff did not receive the information he was entitled to because of the Defendant's actions.

45. Plaintiff has had to file this lawsuit in order to obtain a copy of his report.

46. Defendant is aware of the FCRA.

47. Defendant has knowledge that it must comply with the FCRA.

48. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

49. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were reckless.

50. The manner in which the Defendant took Adverse Action against the Plaintiff is consistent with its policies and procedures.

## CLASS ACTION ALLEGATIONS

51.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

52.    Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All individuals against whom the Defendant took an adverse action based on information in their Consumer Report for the period from October 4, 2022, through the conclusion of this matter.

**CERTIFICATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant represented that it would comply with 15 U.S.C. §1681b(b)(1) but failed to do so October 4, 2017, through the conclusion of this matter.

**BREACH OF CONTRACT CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant breached its agreement with ADP from October 4, 2012, through the conclusion of this matter.

### Numerosity

53.    The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to conduct background checks on prospective employees and existing employees. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

### Common Questions of Law and Fact

54.    Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

a.      Whether Defendant uses the information in an individual's Consumer Report to take adverse actions;

b.      Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other putative class members on the basis of information in a Consumer Report, without first providing a copy of the report;

c.      Whether the Plaintiff and other members of the proposed putative classes were third-party beneficiaries to the agreement between the Defendant and ADP;

d.      Whether the Defendant obtained Consumer Report from ADP via a false 15 U.S.C. §1681b(b)(1);

e.      Whether Defendant's actions were reckless; and

f.      The proper measure of damages.

## Typicality

55.    Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses Consumer Reports to take adverse actions but fails to provide the consumer with a copy of the report before taking an adverse employment action. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

## Adequacy of Representation

56.    Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

**Superiority**

57.     A class action is superior to any other available method for the fair and efficient

adjudication this controversy, and common questions of law and fact

overwhelmingly predominate over individual questions that may arise.

58.     This case is maintainable as a class action under Rule 23 of the Federal Rules of

Civil Procedure because prosecution of actions by or against individual members

of the putative class would result in inconsistent or varying adjudications and

create the risk of incompatible standards of conduct for Defendant. Further,

adjudication of each individual class member's claim as a separate action will

potentially be dispositive of the interest of other individuals not a party to such

action, impeding their ability to protect their interests.

59.     This case is maintainable as a class action under Rule 23 of the Federal Rules of

Civil Procedure because Defendant has acted or refused to act on grounds that

apply generally to the class, so that any final relief is appropriate respecting the

class as a whole.

60.     Class certification is also appropriate under Rule 23 of the Federal Rules of Civil

Procedure because questions of law and fact common to the putative class

predominate over any questions affecting only individual members of the putative

class, and because a class action superior to other methods for the fair and

efficient adjudication of this litigation. Defendant's conduct described in this

Complaint stems from common and uniform policies and practices, resulting in

common violations of the FCRA. Members of the Putative Class do not have an

interest in pursuing separate actions against the Defendant, as the amount of each

class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

61.    Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## COUNT I
### Adverse Action

62.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

63.    Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff from ADP.

64.    Defendant used the report from ADP to take adverse employment action against the Plaintiff, and on information and belief, other putative class members.

65.    Defendant violated the FCRA by failing to provide Plaintiff, and other putative class members, with a copy of their report before adverse action was taken.

66.    Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to address the information in their report.

67.    Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to explain the information in their report.

68.    Defendant violated the FCRA by failing to provide the Plaintiff and other putative

class members with a reasonable time to dispute any inaccuracies in their report.

69.     Had Defendant complied with the FCRA, Plaintiff would have been given time to

review, explain, dispute and/or otherwise address the information contained in the

Consumer Report.

70.     Defendant's failure to comply with the unambiguous mandates of the FCRA

injured the Plaintiff and the putative class members.

71.     The foregoing violations were reckless.

72.     Defendant acted in deliberate or reckless disregard of its obligations and the rights

of Plaintiff and the putative class members.

73.     Defendant's reckless conduct is reflected by, among other things, the following

facts:

a.      Defendant has access to legal advice through outside employment counsel;

b.      The Defendant has ignored regulatory guidance from FTC Informal Staff
Opinions and the unambiguous language of the FCRA;

c.      15 U.S.C. §1681b(b)(1) required the Defendant to certify that the
protections of 15 U.S.C. §1681b(b)(3) would be followed; and

d.      Defendant entered into a contract with ADP in which they contractually
agreed to abide by the FCRA's adverse action requirements.

74.     Plaintiff and the proposed class members are entitled to statutory damages of not

less than $100 and not more than $1000 for each and every one of these

violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

75.     Plaintiff and the proposed class members are also entitled to punitive damages for

these violations, pursuant to 15 U.S.C. §1681n(a)(2).

76.     Plaintiff and the proposed class members are further entitled to recover their costs

and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
### Breach of Contract

77.     On information and belief, Defendant entered into a written agreement with ADP that required the Defendant to abide by the adverse action requirements of 15 U.S.C. §1681b(b)(3).

78.     Plaintiff was an intended third-party beneficiary of the agreement between the Defendant and ADP.

79.     Defendant violated its agreement with ADP.

80.     Defendant's actions took advantage of the Plaintiff's personal information in a manner not contemplated by the agreement with ADP.

81.     Defendant's violation of the agreement with ADP injured the Plaintiff.

## Count III
### Certification Violations

82.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

83.     On information and belief, the Defendant certified to ADP that the requirements set forth in 15 U.S.C. §1681b(b)(2) had been followed.

84.     On information and belief, the Defendant certified to ADP that the requirements set forth in 15 U.S.C§1681b(b)(3) would be followed.

85.     On information and belief, the Defendant certified to ADP that federal and equal opportunity employment laws and regulations would be followed.

86.     Defendant violated the FCRA by failing to provide Plaintiff, and other putative class members, with a copy of their Consumer Report before taking adverse action.

87.     Defendant knew that it would not comply with 15 U.S.C. §1681b(b)(1).

88.    Defendant made false certifications to ADP in order to obtain and use Consumer Reports for employment purposes.

89.    Plaintiff is a third-party beneficiary of the Defendant's 15 U.S.C. §1681b(b)(1) certifications.

90.    Absent Defendant's illegal behavior, the Plaintiff would not have been denied employment.

91.    Absent Defendant's illegal behavior, the Plaintiff would likely still be employed.

92.    Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

93.    The foregoing violations were reckless.

94.    Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA.

95.    Defendant's reckless conduct is reflected by, among other things, the following facts:

    a.    Defendant has access to legal advice through outside employment counsel;

    b.    The Defendant has ignored regulatory guidance from FTC Informal Staff

    c.    Opinions and the unambiguous language of the FCRA;

    d.    15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of the FCRA would be followed; and

    e.    Defendant made written representations to ADP that they would abide by the requirements of the FCRA.

96.    Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these

violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

97. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

98. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted recklessly in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order finding that the Defendant breached the implied contract with the Plaintiff and other class members;

      i.      Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF